UNITED STATES BANKRUTPCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

YVONNE STEELE,                                    Case No. 15-16387-AJC
a/k/a Yvonne Kim Steele,                          Chapter 7

    Debtor.
_____/

### MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

**Any interested party who fails to file and serve a written response to this Motion within 21 days after the date of service stated in this Motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this Motion. Any scheduled hearing may then be canceled.**

    **Marcia T. Dunn** as Chapter 7 Trustee (the "*Trustee*") of the bankrupcty estate of **Yvonne Steele** a/k/a Yvonne Kim Steele (the "*Debtor*"), by and through undersigned counsel, pursuant to Fed. R. Bankr. P. 9019 and Local Rule 9013-1(D), files this *Motion to Approve Stipulation to Compromise Controversy* (the "Motion") and in support states:

    1.    The Debtor filed a voluntary petition under Chapter 7 of Title 11 of the U.S. Code (the "*Bankruptcy Code*") on April 8, 2015 (the "*Petition Date*").

    2.    The Debtor's First Meeting of Creditors (the "*§341 Meeting*") was held and concluded June 8, 2015, and Marcia T. Dunn is the duly appointed and acting Chapter 7 Trustee of the Debtor's bankruptcy estate (the "*Estate*").

    3.    Under **Amended Schedule B, Item #4 (DE 26),** the Debtor lists household goods and furnishings valued at $105.00 seized by the Miami-Dade Police Department pursuant to a pre-Petition levy (the "*Seized Household Goods*"), which the Trustee believes to be undervalued and over-exempt, and the Trustee has asserted the Estate's interest in the Seized Household Goods;

    4.    Under **Amended Schedule B, Item #25 (DE 26),** the Debtor lists a 2003 Honda Element (VIN -3810) valued at $3,000.00 and seized by the Miami-Dade Police Department pursuant to a pre-Petition levy (the "*Seized Vehicle*"), and the Trustee has asserted the Estate's interest in the Seized Vehicle.

    5.    The Seized Household Goods (specifically consisting of (1) stove, (1) refrigerator and (2) mirrors) and the Seized Vehicle (collectively, the "Seized Property") are in the possession of Dixie Transport, Inc., 5520 Northeast 4th Avenue, Miami, Florida 33137.

6. Based on the Debtor's testimony during the First Meeting of Creditors (§341 Meeting) held May 20, 2015 (wherein Debtor was represented by counsel), an examination of the Debtor pursuant to Fed.R.Bankr.P. 2004 conducted July 29, 2015, a review of the documents provided to the Trustee and other relevant information, the Trustee asserts that a portion of the Property may be undervalued and in excess of the allowed exemptions.

7. The Debtor denies and/or disputes some of the allegations noted above.

8. In an effort to avoid the high cost and uncertainties of litigation, the Trustee and the Debtor desire to settle the matter of the Seized Property in this case, and the parties have signed the *Stipulation to Compromise Controversy* (the "***Stipulation***") attached hereto as Exhibit "1".

9. Under the terms of the Stipulation, Debtor shall pay the Trustee a total sum of **$900.00 (Nine Hundred and 00/100 Dollars)** to be made in one (1) lump sum payment within seven (7) days after execution of the Stipulation (the "***Settlement Payment***").

10. The Settlement Payment will be by cashier's check or money order made payable to the order of "Marcia T. Dunn, Trustee" and delivered to the Trustee's office at 555 N.E. 15th Street, Suite 934-A, Miami, FL 33132. The cashier's check or money order should clearly state the name of the Debtor and the Debtor's case number.

11. As part of the Stipulation, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, Statement of Financial Affairs, and all amendments thereto (collectively, the "***Pleadings***"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "***Documents***"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, the Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

12. As part of the Stipulation, the Debtor agrees that the Trustee may file agreed ex-parte motions to extend the Trustee's deadlines to object to the Debtor's claimed exemptions and discharge to ensure that this Settlement is approved before such deadlines expire.

13. As part of the Stipulation, Trustee will execute a release to be given to the custodian of the sheriff, who is holding the Seized Property.

14. Debtor is responsible for any and all charges and fees associated with obtaining the Seized Property from the custodian of the sheriff holding the Seized property.

15. If the Debtor complies with all the terms of this Stipulation, she will keep the Seized Property listed herein unless it was her intent to surrender such property.

16. If the Debtor complies with all the terms of this Stipulation, the Trustee will not seek turnover of the Seized Property.

17. The Stipulation resolves all issues between the Parties regarding the Seized Property.

18. If the Debtor fails to timely make the Settlement Payment described herein, then after ten (10) days written notice faxed or mailed to the Debtor and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objection from the Debtor.

19. In the event that the Debtor fails to comply with all the terms of the Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Seized Property the Debtor may have claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs.

20. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the Seized Property and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this Stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

21. The Trustee has accepted this settlement subject to this Court's approval, and believes that the Stipulation is in the best interest of the Estate.

22. All parties are represented by counsel or have the opportunity to be represented by counsel and all parties have had an opportunity to seek advice from counsel prior to executing this Stipulation.

23. Time is of the essence as to all deadlines within the Stipulation.

24. The Stipulation may be signed in counterparts.

25. The Bankruptcy Court will retain jurisdiction to enforce the terms of the

Stipulation.

26. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides: "On motion by the trustee and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."

27. "[A]pproval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988)(Cristol, J.) (citing *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied, 306 U.S. 636 (1939). The test is whether the proposed settlement "falls below the `lowest point in the range of reasonableness.'" *Arrow Air*, 85 B.R. at 891 (quoting *Teltronics Servs.*, 762 F.2d at 189; *Cosoff v. Rodman (In re W. T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983).

28. Based on the specific facts and circumstances of this case, the Trustee has determined that a settlement of $900.00, with regards to the Seized Property, would be a reasonable settlement amount in this case, and respectfully submits that application of these principles leads to the conclusion that the Stipulation, enclosed as Exhibit "1", should be approved with the Court retaining jurisdiction to enforce the terms of the settlement.

29. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit "2".

**WHEREFORE**, the Trustee respectfully requests the entry of an Order (a) granting this Motion; (b) approving the *Stipulation to Compromise Controversy* between Trustee and Debtor; and (c) granting such other and further relief as this Court deems appropriate.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing motion and all exhibits have been served August 13, 2015, via first-class U.S. Mail upon the Debtor, Debtor's counsel, and all parties of record on the attached Service List, and via CM/ECF upon all registered users in this case.

Respectfully submitted this 13th day of August, 2015.

          **DUNN LAW, P.A.**
          *Attorney for Marcia T. Dunn, Trustee*
          555 N.E. 15th Street, Suite 934-A
          Miami, Florida 33132
          Tel: 786-433-2343 // 786-433-DUNN
          Fax: 786-260-0269
          Email: michael.dunn@dunnlawpa.com

By: */s/ Michael P. Dunn, Esq.*
      Florida Bar No. 100705

EXHIBIT "1"

## UNITED STATES BANKRUTPCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

YVONNE STEELE,                             Case No. 15-16387-AJC
a/k/a Yvonne Kim Steele,                   Chapter 7

   Debtor.
_____/

### STIPULATION TO COMPROMISE CONTROVERSY

This Stipulation (the "*Stipulation*") is entered into between Marcia T. Dunn, Chapter 7 Trustee (the "*Trustee*"), and Yvonne Steele (the "*Debtor*") on this 30th day of July, 2015.

WHEREAS, the Debtor filed a voluntary petition under Chapter 7 of Title 11 of the U.S. Code (the "*Bankruptcy Code*") on April 8, 2015 (the "*Petition Date*");

WHEREAS, Marcia T. Dunn is the duly appointed and acting Chapter 7 Trustee of the Debtor's bankruptcy estate (the "*Estate*");

WHEREAS, on Amended Schedule B, Item #4 (DE 26), the Debtor lists household goods and furnishings valued at $105.00 seized by the Miami-Dade Police Department pursuant to a pre-Petition levy (the "*Seized Household Goods*"), which the Trustee believes to be undervalued and over-exempt, and the Trustee has asserted the Estate's interest in the Seized Household Goods;

WHEREAS, on Amended Schedule B, Item #25 (DE 26), the Debtor lists a 2003 Honda Element (VIN -3810) valued at $3,000.00 and seized by the Miami-Dade Police Department pursuant to a pre-Petition levy (the "*Seized Vehicle*"), and the Trustee has asserted the Estate's interest in the Seized Vehicle;

WHEREAS, the Seized Household Goods (specifically consisting of (1) stove, (1) refrigerator and (2) mirrors) and the Seized Vehicle (collectively, the "Seized Property") are in the possession of Dixie Transport, Inc., 5520 Northeast 4th Avenue, Miami, Florida 33137;

WHEREAS, based on the Debtor's testimony during the First Meeting of Creditors (§341 Meeting) held May 20, 2015 (wherein Debtor was represented by counsel), an examination of the Debtor pursuant to Fed.R.Bankr.P. 2004 conducted July 29, 2015, a review of the documents provided to the Trustee and other relevant information, the Trustee asserts that a portion of the Property may be undervalued and in excess of the allowed exemptions;

WHEREAS, the Debtor denies and/or disputes some of the allegations noted above;

WHEREAS, in an effort to avoid the high cost and uncertainties of litigation, the parties desire

Page 1 of 3

Case No. 15-16387-AJC

to settle the matter of the Seized Property in this case; and

WHEREAS, the Parties desire to set forth herein the terms and conditions of their limited settlement;

NOW, THEREFORE, in consideration of the mutual promises of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties, the parties agree to the following:

1. The Debtor shall pay the Trustee a total sum of $900.00 (Nine Hundred and 00/100 Dollars) to be paid as follows:

2. The payments will be by cashier's checks or money orders made payable to the order of "Marcia T. Dunn, Trustee" and delivered to the Trustee's office at 555 N.E. 15th Street, Suite 934-A, Miami, FL 33132. Each cashier's check or money order should clearly state the name of the Debtor and the Debtor's case number.

3. As part of this Stipulation, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, Statement of Financial Affairs, and all amendments thereto (collectively, the "*Pleadings*"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "*Documents*"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

4. As part of this Stipulation, the Debtor agrees that the Trustee may file agreed ex-parte motions to extend the Trustee's deadlines to object to the Debtor's claimed exemptions and discharge to ensure that this Settlement is approved before such deadlines expire.

5. As part of this Stipulation, Trustee will execute a release to be given to the custodian of the sheriff, who is holding the Seized Property.

6. Debtor shall be responsible for any and all charges and fees associated with obtaining the Seized Property from the custodian of the sheriff holding the Seized property.

7. If the Debtor complies with all the terms of this Stipulation, she will keep the Seized Property listed herein unless it was her intent to surrender such property.

8. If the Debtor complies with all the terms of this Stipulation, the Trustee will not seek turnover of the Seized Property.

9. This Stipulation resolves all issues between Parties regarding the Seized Property.

Case No. 15-16387-AJC

10. If the Debtor fails to timely make any of the payments described in Paragraph 1, then after ten (10) days written notice faxed or mailed to the Debtor and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking immediate turnover of the Seized Property without any objection from the Debtor.

11. In the event that the Debtor fails to comply with all the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Seized Property the Debtor may have claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs.

12. This Stipulation represents the entire understanding and agreement between the Trustee and the Debtor with respect to the Seized Property and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this Stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

13. The Trustee has accepted this settlement subject to this Court's approval.

14. All parties are represented by counsel or have had opportunity to be represented by counsel prior to executing this Stipulation.

15. Time is of the essence as to all deadlines within this Stipulation.

16. The Trustee believes that this Stipulation is in the best interest of the estate.

17. This Stipulation may be signed in counterparts.

18. The Bankruptcy Court will retain jurisdiction to enforce the terms of this Stipulation.

_____  8/12/15
YVONNE STEELE              DATE
DEBTOR

_____  8/12/15
MARCIA T. DUNN             DATE
TRUSTEE

_____  8/12/15
CHRISTIAN SOMODEVILLA, ESQ. DATE
DEBTOR'S ATTORNEY

Page 3 of 3

EXHIBIT "2"

UNITED STATES BANKRUTPCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

YVONNE STEELE,                                Case No. 15-16387-AJC
a/k/a Yvonne Kim Steele,                      Chapter 7

    Debtor.
_____/

### PROPOSED ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

**THIS MATTER** came before the Court on the Chapter 7 Trustee's *Motion to Approve Stipulation to Compromise Controversy* (DE _____; the "Motion") upon notice to the Debtor, Debtor's counsel, all interested parties and creditors pursuant to the Federal Rules of Bankruptcy Procedure and the negative-notice provisions of Local Rule 9013-1(D) on August 13, 2015 (DE _____), and the Court having reviewed the file, the Motion, and the *Certificate Of No Response* filed by Trustee's counsel on September _____, 2015 (DE ___), good cause having been shown, and being otherwise duly advised in the premises, does hereby

**ORDER AND ADJUDGE** that:

1. The Motion is **GRANTED** and the *Stipulation to Compromise Controversy* (the "*Stipulation*") attached thereto and incorporated herein is **APPROVED**.

2. The Debtor shall pay the Trustee the Debtor shall pay the Trustee a total sum of $900.00 (the "*Settlement Payment*") in a lump sum to be made within seven (7) days after execution of the Stipulation. .

3. The Settlement Payment will be by cashier's checks or money orders made payable to the order of "Marcia T. Dunn, Trustee" and delivered to the Trustee's office at 555 NE 15 Street, Suite 934-A, Miami, FL 33132. The cashier's check or money order remitted should clearly state the name of the Debtor and the Debtor's case number.

4. As part of the Stipulation, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, Statement of Financial Affairs, and all amendments thereto (collectively, the "*Pleadings*"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "*Documents*"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, the Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

5. As part of the Stipulation, the Debtor agrees that the Trustee may file an agreed *ex-parte* motion to extend the deadline to object to claimed exemptions and discharge to ensure that this Stipulation is approved before such deadlines expire.

6. As part of the Stipulation, the Trustee will execute a release to be given to the custodian of the sheriff, who is holding the Seized Property.

7. Debtor is responsible for any and all charges and fees associated with obtaining the Seized Property from the custodian of the sheriff holding the Seized Property.

8. If the Debtor complies with all the terms of the Stipulation, she will keep the Seized Property listed in the Stipulation, unless it was her intent to surrender such property.

9. If the Debtor complies with all the terms of the Stipulation, the Trustee will not seek turnover of the Seized Property.

10. The Stipulation resolves all issues between the Trustee and the Debtor regarding the Seized Property.

Case No. 15-16387-AJC

11. If the Debtor fails to timely make any of the payments described in Paragraph 2 above, then after ten (10) days' written notice mailed or emailed to the Debtor and Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objection from the Debtor.

12. In the event that the Debtor fails to comply with all the terms of the Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs.

13. The Court retains jurisdiction over this matter.

14. Trustee's counsel is directed to serve copies of this Order upon the Debtor, Debtor's counsel, Trustee, U.S. Trustee, and all parties of record, and to file a Certificate of Service with the Court confirming such service.

###

Submitted by:

Michael P. Dunn, Esq.
Florida Bar No. 100705
DUNN LAW, P.A.
*Attorneys for Marcia T. Dunn, Trustee*
555 N.E. 15th Street, Suite 934-A
Miami, Florida 33132
Tel. (786) 433-2343 //Fax (786) 260-0269
E-mail: michael.dunn@dunnlawpa.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-1<br>Case 15-16387-AJC<br>Southern District of Florida<br>Miami<br>Wed Aug 12 11:06:51 EDT 2015 | WELLS FARGO BANK, N.A.<br>Stefan Beuge, Esquire<br>2727 West Cypress Creek Road<br>Ft. Lauderdale, FL 33309-1721 | AAA Malabar Storage, Inc.<br>2700 Malabar Rd.<br>Malabar, FL 32950-4411 |
| Ali I. Gilson, Esq.<br>2727 W. Cypress Creek Rd.<br>Fort Lauderdale, FL 33309-1721 | American Express<br>Po Box 3001<br>16 General Warren Blvd<br>Malvern, PA 19355-1245 | Asset Acceptance<br>Attn: Bankrupcy Dept<br>Po Box 2036<br>Warren, MI 48090-2036 |
| (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 | Bank of America<br>Attn: Correspondence Unit/CA6-919-02-41<br>Po Box 5170<br>Simi Valley, CA 93062-5170 | Bank of New York<br>c/o David M. Massey, Esq.<br>PO Box 11438<br>Fort Lauderdale, FL 33339-1438 |
| Bca Financial Services<br>18001 Old Cutler Rd Ste<br>Palmetto Bay, FL 33157-6437 | Capital One<br>Attn: Bankruptcy<br>Po Box 30285<br>Salt Lake City, UT 84130-0285 | Chase Card<br>Po Box 15298<br>Wilmington, DE 19850-5298 |
| Citibank<br>Citicorp Credit Services/Attn: Centraliz<br>Po Box 790040<br>Saint Louis, MO 63179-0040 | (p)CITIBANK<br>PO BOX 790034<br>ST LOUIS MO 63179-0034 | Citibank/The Home Depot<br>Citicorp Credit Srvs/Centralized Bankrup<br>Po Box 790040<br>Saint Louis, MO 63179-0040 |
| City of Melbourne Utilities Division<br>900 E. Strawbridge Ave.<br>Melbourne, FL 32901-4779 | City of Miami Beach<br>c/o Steven Rothstein, 1st Asst City Atty<br>1700 Convention Center Drive, 4th Floor<br>Miami Beach, FL 33139-1824 | City of Miami Beach - Utilities Division<br>1755 Meridian Ave.<br>Miami Beach, FL 33139-1829 |
| Crd Prt Asso<br>Attn: Bankruptcy<br>Po Box 802068<br>Dallas, TX 75380-2068 | David S. Willig<br>2837 SW 3rd Ave.<br>Miami, FL 33129-2316 | Discover Fin Svcs Llc<br>Po Box 15316<br>Wilmington, DE 19850-5316 |
| Eos Cca<br>Po Box 981008<br>Boston, MA 02298-1008 | Joseph Tabibzadeh<br>c/o Barry T. Shevlin, Esq.<br>1111 Kane Concourse, Ste. 400<br>Bal Harbor Island, FL 33154-2042 | Joshua Tabibzadeh<br>1111 Kane Concourse<br>Suite 609<br>Bay Harbor Islands, FL 33154-2044 |
| Lara Nicole Diskin, Esq.<br>2424 N. Federal Hwy., Ste. 360<br>Boca Raton, FL 33431-7780 | Max Goldfarb, Esq.<br>19 W. Flagler St., Ste. 703<br>Miami, FL 33130-4481 | Miami-Dade County<br>Credit & Collection Section<br>200 NW 2nd Ave., 3rd Floor<br>Miami, FL 33128-1736 |
| Midland Funding<br>8875 Aero Dr Ste 200<br>San Diego, CA 92123-2255 | (p)NATIONSTAR MORTGAGE LLC<br>PO BOX 619096<br>DALLAS TX 75261-9096 | Nationwide Recovery Sv<br>Po Box 8005<br>Cleveland, TN 37320-8005 |

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Osceola County Tax Collector
1300 9th St., Ste. 101B
St. Cloud, FL 34769-3339

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Preferred Medical Plan, Inc.
4950 SW 8th St.
Miami, FL 33134-2400

Ray Willig
c/o David S. Willig, Esq.
2837 SW 3rd Ave.
Miami, FL 33129-2316

Syncb/sams Club
Po Box 965005
Orlando, FL 32896-5005

Target N.b.
C/o Target Credit Services
Minneapolis, MN 55440

The Eye Institute
1995 W. Nissau Blvd.
Melbourne, FL 32904

Unifund
c/o Jeffrey Lee Kahn, Esq.
PO Box 934788
Margate, FL 33093-4788

(p)WELLS FARGO BANK NA
WELLS FARGO HOME MORTGAGE AMERICAS SERVICING
ATTN BANKRUPTCY DEPT MAC X7801-014
3476 STATEVIEW BLVD
FORT MILL SC 29715-7203

Wfm/wbm
3480 Stateview Blvd-Bldg 2s
Fort Mill, SC 29715-7203

Christian Somodevilla
Alexander + Somodevilla, PLLC
1401 Brickell Avenue, Suite 420
Miami, FL 33131-3501

David David S. Willig, Chartered
David S. Willig, Chartered / Radio Pepla
2837 SW 3rd AVE
Miami, Fl 33129-2316

George Richards
1325 S Congress Ave
#202
Boynton Beach, FL 33426-5875

Joshua Tabibzadeh
c/o Barry T Shevlin
1111 Kane Concourse, Suite 619
Bay Harbor Islands, FL 33154-2044

Marcia T Dunn
555 NE 15 St, Ste 934-A
Miami, FL 33132-1455

Ray Willig
c/o David S. Willig, Chartered
2837 SW 3rd AVE
Miami, Fl 33129-2316

Yvonne Steele
520 W. 46 St.
Miami Beach, FL 33140-3024

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Bank Of America
Attention: Recovery Department
4161 Peidmont Pkwy.
Greensboro, NC 27410

(d)Bk Of Amer
Po Box 982235
El Paso, TX 79998

Citibank Sd, Na
Attn: Centralized Bankruptcy
Po Box 20363
Kansas City, MO 64195

Nationstar Mortgage LLC
Attn: Bankruptcy
350 Highland Dr
Lewisville, TX 75067

Portfolio Recovery
Attn: Bankruptcy
Po Box 41067
Norfolk, VA 23541

Wells Fargo Hm Mortgag
8480 Stagecoach Cir
Frederick, MD 21701

(d)Wells Fargo Hm Mortgag
8480 Stagecoach Cir
Frederick, MD 21701

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Miami

(d)Unifund
c/o Jeffrey Lee Kahn, Esq.
PO Box 934788
Margate, FL 33093-4788

(d)wfm/wbm
3480 Stateview Blvd-Bldg 2s
Fort Mill, SC 29715-7203

End of Label Matrix
Mailable recipients    47
Bypassed recipients     3
Total                  50